ORDER
This Court asked the Florida Criminal Procedure Rules Committee to consider whether a rule similar to Florida Rule of Criminal Procedure 3.216, dealing with the appointment of experts when a defendant intends to rely on the insanity defense, should be adopted to allow a State mental health expert to examine a defendant who intends to present expert testimony of mental mitigation during the penalty phase of a capital trial. See Bums v. State, 609 So.2d 600, 606 n. 8 (Fla.1992). In response to this request, the committee has submitted proposed amendments to Florida Rule of Criminal Procedure 3.220 entitled “Discovery.”
The committee’s proposal would make the discovery rules applicable to the penalty phase of a capital trial. The amendments set forth the discovery obligations of the prosecutor and defendant in a capital trial. Under the committee’s proposal, if the defendant elects to participate in discovery, the defendant must disclose the names and addresses of any mental health expert with evidence relevant to the defendant’s mental health whom the defendant intends to call as a witness if the expert’s testimony will be premised on a mental health test, evaluation, or examination of the defendant. If the defendant is required to designate mental health experts, the court may order the accused to submit to mental health testing or examinations by court or state experts. However, if the defendant intends to use the designated expert only in the penalty phase, the State or court expert cannot test or examine the defendant until after the defendant has been convicted and the State has indicated its desire to seek the death penalty. Under the committee’s proposal, if the defendant refuses to submit to testing or examination by State or court mental health experts, the court may prohibit the defendant from presenting expert testimony based on mental health tests or examinations.
The committee’s proposed amendments were published for comment in The Florida Bar Neivs. We received numerous comments from judges and other interested persons, most of which express concern with the delay between the guilt phase and penalty phase of a capital trial inherent in the committee’s proposal.
After reviewing the proposed amendments to rule 3.220, hearing oral argument on the matter, and considering the comments of interested parties, we decline to adopt the committee’s proposal. In its place we propose attached new rule 3.202, entitled “Expert Testimony of Mental Mitigation During Penalty Phase of Capital Trial.” We recognize the effort the rules committee obviously put into its comprehensive proposal. However, after giving the matter much consideration, we believe a more narrowly drawn rule *916 that “levels the playing field” in a capital case simply by providing a procedure whereby a State expert can examine a defendant who intends to present expert testimony of mental mitigation is preferable.
Under the new rule, the State would be made aware of the defendant’s intent to establish mental mitigation through expert testimony forty-five days before the capital trial begins.[1] This will enable the State to arrange to have its mental health expert examine the defendant within forty-eight hours after a conviction, thus avoiding the delay inherent in the more comprehensive proposal.
The Clerk of this Court is hereby directed to notify all interested parties of this order and to publish notification of the proposed rule in The Florida Bar News for comment. We ask that the Criminal Procedure Rules Committee review the proposed rule and submit a response, along with any suggested substantive or editorial changes the committee deems appropriate. The committee’s response and all comments should be filed with the Clerk of the Court by July 1, 1995 for consideration prior to the adoption of a permanent rule. Until a permanent rule is adopted, the interim procedure set out in Dillbeck v. State, 643 So.2d 1027, 1031 (Fla.1994), should continue to be followed.
We also ask the Criminal Procedure Rules Committee to consider, for possible inclusion in its regular four-year cycle of proposed rules changes, the suggestions of the Honorable Judge O.H. Eaton, Jr. concerning the need for 1) a rule requiring the defendant and the State to file a statement of the issues to be tried in the penalty phase of a capital trial and 2) a pretrial procedure, similar to summary judgment, that would allow the trial court to determine whether the death penalty is an option based on the aggravating and mitigating factors alleged to exist in a capital case.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING and WELLS, JJ., concur.
ANSTEAD, J., concurs in part and dissents in part with an opinion.
APPENDIX
RULE 3.202 EXPERT TESTIMONY OF MENTAL MITIGATION DURING PENALTY PHASE OF CAPITAL TRIAL: NOTICE AND EXAMINATION BY STATE EXPERT
(a) Notice of Intent to Present Expert Testimony of Mental Mitigation. When in any capital case it shall be the intention of the defendant to present, during the penalty phase of the trial, expert testimony of a mental health professional, who has tested, evaluated, or examined the defendant, in order to establish statutory or nonstatutory mental mitigating circumstances, the defendant shall give written notice of intent to present such testimony.
(b) Time for Filing Notice; Contents. The defendant shall give notice of intent to present expert testimony of mental mitigation no later than 45 days before the guilt phase of the capital trial. The notice shall contain a statement of particulars listing the statutory and nonstatutory mental mitigating circumstances the defendant expects to establish through expert testimony and the names and addresses of the mental health experts by whom the defendant expects to establish mental mitigation, insofar as is possible.
(c) Appointment of State Expert; Time of Examination. After the filing of such notice and on the motion of the state indicating its desire to seek the death penalty, the court shall order that, within 48 hours after the defendant is convicted of capital murder, the defendant be examined by a mental health expert chosen by the state. Attorneys for the state and defendant may be present at the examination. The examination shall be limited to those mitigating circumstances *917 the defendant expects to establish through expert testimony.
(d) Defendant’s Refusal to Cooperate. If the defendant refuses to be examined by or fully cooperate with the state’s mental health expert, the court may, in its discretion:
(1) order the defense to allow the state’s expert to review all mental health reports, tests, and evaluations by the defendant’s mental health expert; or
(2) prohibit defense mental health experts from testifying concerning mental health tests, evaluations, or examinations of the defendant.

. The proposed rule will not relieve the parties of the continuing duty to disclose witnesses under Florida Rule of Criminal Procedure 3.220(j).