PER CURIAM.
By order issued May 4, 1995, this Court proposed new Rule of Criminal Procedure 3.202, entitled “Expert Testimony of Mental Mitigation During Penalty Phase of Capital Trial.” Amendments to Florida Rule of Criminal Procedure 3.220—Discovery (3.202—Expert Testimony of Mental Mitigation During Penalty Phase of Capital Trial), 654 So.2d 915 (Fla.1995). We have jurisdiction. Art. V, § 2(a), Fla. Const.
We had previously asked the Florida Criminal Procedure Rules Committee to consider whether a rule similar to Florida Rule of Criminal Procedure 3.216, dealing with the appointment of experts when a defendant intends to rely on the insanity .defense, should be adopted to allow a State mental health expert to examine a -defendant who intends to present expert testimony of mental mitigation during the penalty phase of a capital trial. See Burns v. State, 609 So.2d 600, 606 n. 8 (Fla.1992). In response to that request, the committee proposed comprehensive amendments to Florida Rule of Criminal Procedure 3.220 entitled “Discovery,” which would have made the discovery rules applicable to the penalty phase of a capital trial.
After hearing oral argument and considering the comments of interested parties, we declined to adopt the committee’s proposal. In its place we proposed new rule 3.202. We recognized the effort that the rules committee put into its proposal. However, we felt that “a more narrowly drawn rule that ‘levels the playing field’ in a capital case simply by providing a procedure whereby a State expert can examine a defendant who intends to present expert testimony of mental mitigation [was] preferable.” 654 So.2d at 915-16.
All interested parties were notified of our May 4 order and the proposed rule was published for comment in The Florida Bar News. The Criminal Procedure Rules Committee also was asked to review the proposed rule and to submit a response.
After considering the comments filed by interested parties and the response of the Criminal Procedure Rules Committee, we adopt new rule 3.202 as appended. We have modified the new rule to address two of the concerns raised in response to our proposed amendment. First, it appears that the requirement that notice of intent to establish mental mitigation through expert testimony be given forty-five days before the capital trial may be unworkable. Second, it is feared that unless the State is required to give notice of its intent to seek the death penalty before the defendant is required to give notice of intent to establish mental mitigation, defense resources may be wasted developing mitigation if the State'does not seek the death penalty.
As modified, the provisions of rule 3.202 are triggered if within ten days after arraignment the State gives notice that it will seek the death penalty. If the State gives timely notice of its intent to seek the death penalty, the defense must give notice of its intent to *84 establish mental mitigation through expert testimony within forty-five days of service of the State’s notice. If the State fails to give notice of its intent to seek the death penalty within ten days after arraignment, the State still may seek the death penalty, although it may not avail itself of the provisions of the rule.
Accordingly, we adopt appended new rule 3.202. The new rule shah become effective January 1, 1996, at 12:01 a.m. Until that time, the interim procedure approved in Dillbeck v. State, 643 So.2d 1027, 1031 (Fla.1994), should be followed.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING and WELLS, JJ., concur.
ANSTEAD, J., dissents with an opinion.