FULMER, Judge.
Francisco Gonzalez petitions this court for a writ of certiorari to review a trial court order denying his motion to strike the State’s Notice of Intent to Seek Death Penalty. We grant the petition because we agree that Gonzalez should not be required to comply with the provisions of Florida Rule of Criminal Procedure 3.202 under the circumstances of this case. Our decision does not affect the State’s ability to seek the death penalty.
Rule 3.202 was adopted by the supreme court on November 2, 1995, to provide a procedure for a State expert to examine a defendant who intends to present expert testimony of mental mitigation during the penalty phase of a capital trial. Amendments to Fla. Rule of Criminal Procedure 3.220 — Discovery (3.202 — Expert Testimony of Mental Mitigation During Penalty Phase of Capital Trial), 674 So.2d 83, 84 (Fla.1995). The rule is triggered by the State’s timely filed notice of intent to seek the death penalty. Rule 3.202(a). The time limits for the rule were amended on May 2, 1996, pursuant to a motion for rehearing, to require that the State give its notice of intent to seek the death penalty within forty-five days from the date of arraignment. Amendments, 674 So.2d at 85. Once the rule is triggered, the defendant is required to give notice of intent to present expert testimony of mental mitigation not less than twenty days before trial and, if convicted, the defendant is required to submit to an examination by a mental health expert chosen by the State. Rule 3.202(b), (d). In adopting this rule, the supreme court made it clear that the rule did not apply if the State did not meet the time restriction: “If the State fails to give notice of its intent to seek the death penalty within ten days after arraignment, the State still may seek the death penalty, although it may not avail itself of the provisions of the rule.” Amendments, 674 So.2d at 84.[1]
Before we examine the issues presented in this certiorari proceeding, we note that in the trial court proceedings Gonzalez improperly characterized the relief he was actually seeking by filing a motion to *279 strike the State’s notice of intent to seek the death penalty. It is clear from the transcript of the hearing on the motion that the relief sought by Gonzalez was a ruling from the trial court that the provisions of rule 3.202 would not apply in his case because the State failed to give timely notice of its intent to seek the death penalty. Gonzalez acknowledged and does not dispute the fact that failure of the State to give timely notice under the rule does not preclude the State from seeking the death penalty. It is also clear from the transcript that the trial court’s denial of the motion constituted a ruling that rule 3.202 would apply in the capital prosecution of Gonzalez notwithstanding the date on which the State filed its notice of intent.
Two issues are raised by Gonzalez’s petition for certiorari: whether the State’s notice was timely where no formal arraignment was held and, if untimely, whether forcing the defendant to comply with the rule is error that may be addressed within the scope of review applicable to certiorari proceedings. Prior to the scheduled arraignment date of April 20, 2000, Gonzalez filed a written plea of not guilty, thereby waiving his right to an arraignment. See Fla. R.Crim. P. 3.160(a). Although rule 3.202 does not specifically provide for commencement of the forty-five day time provision when an arraignment is waived by the filing of a written plea of not guilty, we see no reason why the filing of a written plea would not trigger the time provision.[2] However, even if the scheduled arraignment date of April 20 was used as the triggering date, the State’s notice, which was filed June 20, 2000, was untimely. Nevertheless, the trial court denied Gonzalez’s motion to strike and concluded that the State would be able to avail itself of the provisions of rule 3.202. Consequently, Gonzalez has a duty to give the State a notice of intent to present expert testimony of mental mitigation, with a statement of particulars, not less than twenty days before trial and, if convicted, to submit to a compelled mental exam. Gonzalez argues that having to give the State this information is similar to being forced to give confidential work product in discovery. Gonzalez also argues that having to undergo a mental examination, which the rule would require after conviction, would cause irreparable damage that cannot be cured on appeal from a final judgment of conviction. We agree.
We conclude the trial court departed from the essential requirements of law by not following the clear dictates of rule 3.202, wherein it provides that “[t]he provisions of this rule apply only in those capital cases in which the state gives written notice of its intent to seek the death penalty within 45 days from the date of the arraignment.” (Emphasis added). To force Gonzalez to comply with the rule would be contrary to the plain language of the rule and the intent expressed by the supreme court in Amendments.
The State argues that there is no controlling legal precedent to govern this case, and thus we should look to Dillbeck v. State, 643 So.2d 1027 (Fla.1994). We disagree with this argument because the supreme court made it clear in Amendments that the Dillbeck procedure should be followed up until the time that the new rule became effective on January 1, 1996, at 12:01 a.m. See 674 So.2d at 84. Amendments established that the Dillbeek procedure no longer controlled after January 1, 1996. The State was on notice by the new *280 rule that Gonzalez would not be subjected to the rule’s requirements if the State’s notice was untimely.
Petition for writ of certiorari granted.
GREEN and COVINGTON, JJ., concur.

. In amending the rule on rehearing, the supreme court extended the time from ten days to forty-five days. 674 So.2d at 84-85.

. We note that a comparable rule concerning notice of intent to rely on the defense of insanity at trial provides that notice should be given no later than fifteen days after arraignment or the filing of a written plea of not guilty. Fla. R.Crim. P. 3.216(c).